## Alan H. Reed and George K. Reed, trading as Jacob Reed's Sons, Appellants, *v.* Charles C. Harrison.

*Landlord and tenant—Covenants in lease—Deposit of stock as security.*

In an action to recover the value of stock, it appeared that defendant had leased premises to plaintiffs under a lease which provided that the tenants should at the expiration of the term replace the premises in a certain condition if required to do so by the lessor, and that they should deposit certain shares of stock as security for the performance of the covenant. The affidavit of defense averred that shortly after the keys of the premises had been delivered to defendant's agent, who at the time was ignorant of the

covenant in the lease, plaintiffs were informed that the certificates of stock would not be returned to them until the premises were restored to their original condition. The affidavit also averred that the cost of restoration would exceed the value of the stock. *Held*, that the affidavit of defense was sufficient to prevent judgment.

Argued Jan. 18, 1899. Appeal, No. 293, Jan. T., 1898, by plaintiffs, from order of C. P. No. 4, Phila. Co., March T., 1898, No. 1289, discharging rule for judgment for want of a sufficient affidavit of defense. Before STERRETT, C. J., GREEN, McCOL-LUM, MITCHELL and FELL, JJ. Affirmed.

Assumpsit to recover the value of 100 shares of stock of the Lehigh Valley Railroad Company.

Plaintiffs' statement alleged that they leased from defendant the premises 920 and 922 Chestnut street in the city of Philadelphia, with the following provision in the lease: " Permission is hereby given said lessees during their occupancy of said premises to make all improvements and alterations thereto as they may require and to do all repairs in and about the same at their own cost and expense, provided the plans for said alterations shall first be submitted to and be approved by the lessor; the lessees further agree to indemnity and save harmless the lessor from any and all loss or damage that may occur by reason of said alterations and improvements, and at the expiration of said lease to place the buildings in the same shape and condition as they were at the time of the execution of the prior lease made by the ' Pennsylvania Company for Insurances on Lives and Granting Annuities,' trustees, with the said lessees (and which said lease has been assigned to Charles C. Harrison, the lessor herein named) if required to do so by the lessors at their, the lessees, own proper cost and expense, without any charge or claim of allowance therefor; and as security for the faithful performance of this provision have deposited with the said lessor one hundred shares of the capital stock of the Lehigh Valley Railroad Company (100 shares), and also at the expiration of the lease to close up all openings between the building, No. 918 Chestnut street, and the premises herein demised (Nos. 920–922); and the lessees do hereby agree that the security deposited by them with the lessor shall also be applicable to restore the walls in which these openings have been made so as to properly

separate said building, No. 918 Chestnut street, from the hereby demised premises, and also to protect the lessor's policies of insurance against any further charge that may be made by reason of any other openings that may be made by the lessees into any other building or buildings than those already named."

The statement further alleged that, upon the execution of said lease, plaintiffs deposited with the defendant certificates for 100 shares of the capital stock of the Lehigh Valley Railroad Co.; that at the expiration of the lease they surrendered possession of said premises to said defendant who accepted the same; that all rent was paid in full, all openings in the walls between premises 918 and 920 Chestnut street had been entirely and satisfactorily closed up, and the said walls were in the same condition as before the openings had been made; that plaintiffs were not required, notified nor requested by the defendant to place the buildings in the same shape and condition as they were at the time of the execution of the prior lease made by the Pennsylvania company; that they demanded a return of the stock from the defendant which was refused, and defendant has never returned said certificates of stock but still retains possession of them and refuses to return them.

The affidavit of defense was as follows:

Defendant is informed, believes and expects to be able to prove upon the trial of this cause, that at the time of the execution of the lease by the Pennsylvania Company for Insurances on Lives and Granting Annuities, trustees, to the said plaintiffs, the premises 920 and 922 Chestnut street were two separate buildings, divided by party walls; that plaintiffs changed and altered the said building by removing a large portion of the party wall, thereby converting the said premises practically into one entire building, instead of two separate buildings as the same were at the time of their taking possession; that the deposit of securities and the subsequent change of securities was made for the purpose of enabling the lessor to restore the said buildings to their original condition; that at the time the keys to the said premises were delivered, they were handed to Mr. M. L. Kohler, who knew nothing whatever of the terms of this lease nor of the deposit of the stock now held by defendant for the purpose in said lease mentioned, but did know that the rent had been fully paid, and that said plaintiffs had notified the said

defendant that they would surrender possession upon the termi-- nation of their lease; that at that time no demand was made for said stock nor was there anything said to the said Kohler that any stock or securities belonging to the said plaintiffs were in the possession of this defendant; that, afterwards, when the said plaintiffs requested that the stock mentioned in the statement filed should be returned to them, they were told by the defendant's agent, Mr. Kohler, as he informs me and as I expect to prove, that the plaintiffs must restore the premises to the condition in which they were at the making of the original agreement, and that the certificates of stock would not be returned to them until the premises were thus restored to the original condition. This restoration would have required the reconstruction of the said large portion of the party wall which had been removed by them. The plaintiffs, through their agent, Mr. Burnett, who made the demand, were further told that the defendant did not care to put the plaintiffs to unnecessary expense and that the defendant therefore would be willing, if an agreement to that effect was executed by the plaintiffs, to allow the restoration to remain open until it could be ascertained whether the premises could be rented together in the condition in which they were. The plaintiffs, through their said agent, were then further told that if an agreement was executed by them in writing, specifying the things necessary to be done to restore the premises to their former condition of separate and distinct buildings and agreeing to make the requisite alterations or restorations in those particulars when demanded by the defendant, the certificates of stock would be forthwith delivered. Plaintiffs declined to make such agreement and demanded the delivery of the stock despite the demand upon them to restore the premises to their former condition. The delivery of the certificates of stock was refused.

Defendant is unable to specify with any great particularity the specific things which must be done under the covenants of the plaintiffs to restore the premises to their original condition; but under information given to him by those who are informed, which he believes and expects to prove on the trial of the case, he avers that the cost of such work of restoration will exceed the value of the said shares of stock.

Defendant claims that until such time as plaintiffs restore

the buildings in accordance with his demand, in the condition in which they were at the time of the lease to them by the Pennsylvania Company for Insurances on Lives and Granting Annuities, he is entitled to hold the said stock as security for the performance by them of the terms of their contract and that he is not liable to return said stock, nor is he liable for any variations or shrinkage in the value thereof.

The interview between the agent of the plaintiffs and the agent of the defendant in which the above recited demands were made, took place a few weeks after the expiration of the lease and long before the bringing of the present suit.

All the above facts the deponent believes to be true and expects to prove after trial of the cause.

The court discharged the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*William H. Burnett*, for appellants.—Plaintiffs have a right to recover the stock or its value: Weld v. Barker, 153 Pa. 465; Benninger v. Hankee, 61 Pa. 343; Cleveland & Co. v. Sterrett, 70 Pa. 204; Parshall's App., 65 Pa. 224; Nesbit v. Godfrey, 155 Pa. 251; Lord Ranelagh v. Melton, 2 Drewry & Smale, 278; Brooke v. Garrod, 59 Eng. Ch. R. (2 DeG. & Jones) 61; Campbell v. L. & B. Ry. Co., 26 Eng. Ch. R. (5 Hare) 518; People v. Blanding, 63 Cal. 333; Brown v. Wilkinson, 15 M. & W. 391; Johnson v. Stanton, 2 B. & C. 621; 9 E. C. L. 272; Kynaston v. Mackinder, 47 L. J. Q. B. 76; Wickens v. Steel, 2 C. B. N. S. 488; 89 E. C. L. 488.

When the facts are undisputed, the question of reasonable time is for the court: Am. Fire Ins. Co. v. Hazen, 110 Pa. 530.

Plaintiffs are entitled to judgment; to an order that this stock be returned, with damages for its detention, or if it is not returned damages for its value: Jones v. Gordon, 124 Pa. 263.

If these certificates are not returned, plaintiffs are entitled to the highest market value since December 31, 1897: Bank v. Reese, 26 Pa. 143.

*John G. Johnson*, for appellee, cited Penna. Co. for Ins., etc., v. R. R. Co., 153 Pa. 166.

Per Curiam, January 30, 1899:

The affidavit of defense was quite sufficient to prevent a summary judgment, and hence there was no error in refusing to enter judgment against the defendant for want of a sufficient affidavit of defense.   The appeal is therefore dismissed at plaintiffs' costs, but without prejudice, etc.